## MOODY v. THOMPSON MFG. CO.
### No. 8689.

Circuit Court of Appeals, Ninth Circuit.

Sept. 16, 1938.

98

Joseph F. Westall, of Los Angeles, Cal., for appellant.

R. Welton Whann, of Los Angeles, Cal., for appellee.

Before WILBUR, HANEY, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an interlocutory decree holding valid patent No. 1,776,455, issued September 23, 1930, to W. Van E. Thompson, assignor to Thompson Manufacturing Company, and holding that appellant has infringed claims 1, 2, 5, 6, 7, 8, 9, 10, 13 and 14 of the patent.

The patent in suit discloses a sprinkler head designed to screw on a water outlet in an irrigation system. Figs. 1 and 2, following, show two of the patent drawings. The water enters through 45, which is an opening in a plate 24, into a "quieting chamber" 25. From the quieting chamber, it passes through an annular mouth, 36, into an "exhaust passage" 30, whence it leaves the sprinkler head through a fan shaped spray opening, 33. The annular mouth is formed by the annular wall, 34. The amount of water entering the sprinkler through the opening 45 may be regulated by a screw valve, 41, which is adapted to be screwed into or out of opening 45. This valve may be operated from the top of the sprinkler.

The problem which the inventor set for himself, according to his patent, was to deal with "half circle sprinklers at the boundaries of the lawn". He states that "the half circle sprinkler provide a fan shaped stream of water which is substantially a half circle. This type of sprinkler delivers the stream of water onto the lawn but not outside the boundary thereof." The patent states the problem thus: "If there is any turbulence of the water when it passes through the circular head of the sprinkler an uneven distribution of the water results; that is, the fan shaped stream is imperfect and all parts of the lawn will not receive an equal amount of water." Having thus stated the problem which he seeks to solve he states the purpose of his invention as follows:

"It is an object of this invention to provide a sprinkler head in which the water is quieted so that there will be no turbulence in the head, and so that a perfect distribution of water may be obtained."

As will appear from a discussion of the patent his circular head is designed so that all the water traveling toward the spray opening shall be traveling at the same rate of speed. The other objects of invention are stated as follows:

"It is an object of this invention to provide a sprinkler head in which particles too large to pass entirely through it are prevented from entering it. * * *

"It is an object of this invention to provide a sprinkler head in which the size of the stream of water issuing therefrom may be regulated."

After stating the nature of the problem and describing the construction of the sprinkler head with reference to the drawings, attention is called to the construction of the inlet port, which is sufficiently shown by the drawings. The patent points out that by extending the cylindrical point of the screw valve into the circular port an annular opening is provided from the water system into the sprinkler head. Of this

Fig. 1.    Fig. 2.

the patent states: "The width of the annular passage provided by the entrance port 45 is exactly or slightly smaller than the width of the inner part of the spray opening 33 which connects to the upper end of the exhaust passage 30." Thus the patentee attains the second object of his invention of screening out sand and gravel particles.

With reference to the question of turbulence, it is stated in the patent that the "water entering the quieting chamber 25 is in a state of turbulence. The water must pass through the mouth 36 in order to reach the exhaust passage 30. I have found that by providing the annular mouth 36 there will be no turbulence of the water entering the exhaust passage 30. This is one of the important features of the invention and is responsible for the providing of an even fan shaped stream which results in an even distribution of water.

"It is quite essential to the perfect performance of the invention that the water passing upward through the exhaust chamber 30 be moving at the same rate of speed on the same diameter. In other words, the water near one side of the exhaust chamber must be traveling at the same rate of speed as the water at the opposite side. If the rate of flow on different sides of the exhaust chamber 30 is different there will be an unequal distribution of water. The chamber 25 acts as a water balance and the rate of flow of the water from all directions through the mouth 36 inward into the lower end of the exhaust chamber 30 is equal."

It will be noticed that the patentee attributes the even fan shaped stream which results in even distribution of water, which he sought to attain, to the annular mouth 36. From the description already given it is clear that the patentee believed the solution to the problem of obtaining an "even fan shaped stream" from the sprinkler head depended upon all the water in the chamber 30 moving upward at the same speed. This object is attained by the use of a quieting chamber 25, and the annular opening into the exhaust chamber. The entrance screw valve, also providing an annular opening into the quieting chamber, is described and apparently designed with a view to regulating the amount of water passing into the sprinkler head and to the screening out of particles of sand and

gravel too large to pass through the spray opening.

Appellant does not attack the validity of the patent and concedes that the Thompson sprinkler has great utility. He claims that he does not infringe the patent if the patent is narrowed, as he contends it must be, by the prior art. As showing the state of the art he cites patent No. 1,564,587 for a sprinkler head granted December 8, 1925 to Joseph Kreiziger. Fig. 3, below, shows the patent drawing of this device.

Fig. 3.

In this sprinkler, water enters through opening 25, which is formed in plate 23, into chamber 24. It then passes through passage 28 and leaves the device through a fan shaped spray opening, 29. The amount of water entering the sprinkler head is regulated by a valve, 26, which screws in and out of the inlet opening, 25. This valve, like the screw valve in the Thompson device, is operated from the top of the sprinkler.

The similarity between the Kreiziger and Thompson sprinklers is apparent from an examination of the above drawings of the two devices. The inlet opening 25 of the Kreiziger sprinkler corresponds to the opening 45 in the Thompson device. The chamber 24 of the Kreiziger sprinkler corresponds to the quieting chamber 25 of the Thompson sprinkler and the discharge port 28 of the Kreiziger sprinkler corresponds to the exhaust passage 30 of the Thompson sprinkler. The spray openings of both devices are similar.

It will be noted that the function of the chamber 25, which lies between the

small inlet into the sprinkler head and the smaller spray outlet, is referred to in the Thompson patent as one of the means for overcoming the turbulence of the water resulting from entrance through a relatively small port. The similar chamber (24) shown in the Kreiziger patent must function in the same manner as a quieting chamber for it represents a large expansion of diameter in the stream which passes through a relatively small opening and makes an exit through a smaller opening.[1]

■ It is contended by appellee that the inlet valve on the Kreiziger sprinkler is not the equivalent of the inlet valve on the Thompson device; that in the former device the inlet opening 25 is directly below the outlet passage and that the valve stands at a considerable angle to the vertical so that when the valve is adjusted to permit a flow therethrough, the opening is on one side only and the water enters in a "jetting action" striking the roof of the chamber. The result, it is claimed in appellee's brief, is that the chamber, 24, in the Kreiziger sprinkler "is an agitation chamber and not a quieting chamber." Appellee claims that in the Thompson patent "the inlet opening 45 is offset from alignment with the supply passage, and the valve 41 is vertically aligned with the inlet and vertically and axially movable. When the valve is opened the inlet 45 is exposed throughout its entire circumference. The lower end of the valve 41 guides the water outwardly and laterally in all directions, thus avoiding the nozzle or jetting action of Kreiziger." But it is clear that chamber 24 of the Kreiziger device does function as a quieting chamber. It may be true, as appellee states, that the water enters the Kreiziger sprinkler in a state of turbulence. But that is likewise true of the Thompson sprinkler, as appears from the patent. As we have said, the primary function of the screw valve of the Thompson device is to regulate the flow of water into the sprinkler. We think it clear that the different positioning and method of opening the valve in the Thompson sprinkler does not make any substantial difference in the operation of the quieting chamber of that device as compared with chamber 24 of the Kreiziger sprinkler. We hold that the invention, if any, of Thompson over Kreiziger resides largely, if not entirely, in the annular mouth formed, as may be seen from Figs. 1 and 2, by annular wall 34, which extends downward from the upper wall of chamber 25, to a point slightly above plate 24. We hold that if this addition over Kreiziger constituted invention it was slight and the patentee should be allowed only a narrow range of equivalents. Eibel Process Co. v. Minnesota & Ontario Paper Co., 261 U.S. 45, 63, 43 S.Ct. 322, 328, 67 L.Ed. 523.

### Infringement.

■ A curious situation arises upon the question of infringement. The devices manufactured by the appellant are practically duplicates of those manufactured by the appellee, as they were designed to be. The claim of non-infringement is based upon the proposition that the devices so manufactured by the appellee are not covered by the patent. If not, of course the appellant could not be charged with infringement of the patent by the manufacture and use of a device not covered thereby although the same as that made by the patentee.

Appellant manufactures and sells two different types of alleged infringing de-

---

[1] The witness, Russell M. Otis, testifying for the appellee, particularly with reference to the quieting chamber, said: "This valve [41] reduces the pressure and the velocity of the water entering the quieting chamber, and as the quieting chamber is relatively large in area, the velocity of the water is immediately reduced. This reduces turbulence, reduces the friction loss in the passage to the exhaust passage, and makes it possible for the water to flow freely from all sides into the exhaust passage without the water coming more in one direction than in another, and thereby creating differences in velocity in the exhaust passage."

In its brief, appellee describes the function of the quieting chamber of the Thompson device as follows: "Upon entering the quieting chamber 25, the water is quieted because the area is very large as compared to the area of cross-section of the inlet 45 and the outlet 30."

It should be noted that the fact that Kreiziger did not claim as a part of his invention the quieting chamber shown in his patent does not prevent such disclosure from becoming part of the prior art. Walker on Patents, 6th Ed., § 219, p. 294.

vices. One type is pictured below in Fig. 4.

Fig. 4.

It will be noted that in this device the water, after passing through a screen, enters through opening 45, in plate 24, into chamber 25, and from chamber 25 passes through tube 30 and out of spray opening 33. The supply of water entering the sprinkler is regulated by a screw valve, 41, operated from the top of the sprinkler. This device was held by the trial court to infringe claims 1, 2, 7 and 14 of the patent in suit.[2]

Claims 1 and 2 specify as elements of the combination "means forming an annular port connecting with said supply passage." The appellant's alleged infringing device shown above does not have elements equivalent to the annular wall or mouth of the Thompson sprinkler and, consequently, appellant does not infringe these combination claims. See Motion Pictures Patents Co. v. Universal Film Mfg. Co., 245 U.S. 502, 510, 37 S.Ct. 416, 61 L.Ed. 871, L.R.A. 1917E, 1187, Ann.Cas.1918A, 959; Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U.S. 405, 28 S.Ct. 748, 751, 52 L.Ed. 1122.

Claim 7 of the Thompson patent specifies as an element of the combination "walls forming means for supplying liquid to said exhaust chamber in a non-turbulent condition." In construing this portion of the claim, read in connection with the specifications, it includes the quieting chamber, the annular wall and the annular mouth. Otherwise the claim would be invalid as omitting essential elements of the invention. As thus construed, it is not infringed by appellant's device shown in Fig. 4 which does not contain means equivalent to the annular wall or the annular mouth, and thus uses only a part of the combination.

Claim 14 specifies as an element of the combination "walls forming an entrance port." This language of the claim must be construed in connection with the specifications as covering the annular wall and annular mouth of the Thompson sprinkler, otherwise the claim would be invalid. As thus construed, claim 14 is not infringed by appellant's device shown in Fig. 4.

[2] "1. In a sprinkler head, the combination of: walls forming a spray opening; a supply passage for said spray opening, said supply passage confining a stream of liquid carried thereby to prevent separation into drops; and means forming an annular port, connecting with said supply passage, and through which liquid is adapted to be forced into said passage, said port forming means including a flat wall forming a common boundary for a side of said port and an end of said passage.

"2. In a sprinkler head, the combination of: walls forming a spray opening; a supply passage for said spray opening, said supply passage confining a stream of liquid carried thereby to prevent separation into drops; and means forming an annular port, connecting with said supply passage, and through which liquid is adapted to be forced into said passage, said port opening radially inwardly into said passage, and said port forming means including a flat wall forming a common boundary for a side of said port and an end of said passage.

"7. In a sprinkler head, the combination of: walls forming an exhaust chamber confining liquid against separation into drops, said chamber being considerably longer than its area of cross-section; walls forming a spray opening connected to said exhaust chamber; and walls forming means for supplying liquid to said exhaust chamber in a non-turbulent condition.

"14. In a sprinkler head, the combination of: walls forming a quieting chamber, said quieting chamber being comparatively large in cross-section but quite short; walls forming an entrance port; and walls forming an exhaust chamber confining liquid against separation into drops, said exhaust chamber being connected to one of the end walls of said quieting chamber."

The second type of alleged infringing device manufactured by appellant is shown below in Figs. 5 and 6.

Fig. 5.

Fig. 6.

In this sprinkler, the water, after passing through a screen, enters into chamber 25 through opening 45, and from chamber 25 passes through four passages 30 and out through spray openings 33. This device also includes a screw type valve 41, adapted to be adjusted from the top of the sprinkler to open and close the inlet 45 and thus regulate the flow of water into the sprinkler.

The difference between this alleged infringing device and the Thompson device is shown by a comparison of the patent drawings of the latter device with Figs. 5 and 6, shown above. This alleged infringing device has 4 spray openings whereas the Thompson device has only one. Appellee contends in its brief that "each of the supply passages or exhaust chambers and spray openings operates in an identical manner. Furthermore, the areas of the spray openings 33 when combined are no greater than the area of a single spray opening, such as illustrated in Ex. 10. [See Fig. 4, above]. Therefore, the rate of flow through the exhaust chamber is

not substantially different from that in other forms of the Thompson invention, and there is, therefore, no difference in mode of operation." The four circular passages and spray openings are not the equivalent to the one supply or exhaust passage and spray opening of the Thompson device. If appellee contends that appellant in this device has used the Thompson combination four times we hold that there is no merit in this contention. Assuming that the chamber 25 be equivalent to four separate chambers, there are no structures equivalent to the annular wall and mouth of the Thompson device, for in the Thompson sprinkler, the annular mouth, as pointed out in the patent, "is small as compared to the diameter of the exhaust passage 30 and as to the height of the quieting chamber 25." In the sprinkler shown in Figs. 5 and 6 the water enters directly from the chamber 25 into passages which, although extending into the chamber, correspond to the exhaust chamber of the patented device.

The lower court held that appellant's sprinkler shown in Figs. 5 and 6 infringed claims 1, 2, 5, 6, 7, 8, 9, 10, and 13 of the patent in suit.[3] Claims 1, 2, 5, 6, 8, 9 and

---

[3] See note 2 for claims 1, 2 and 7. Claims 5, 6, 8, 9, 10 and 13 are as follows:

"5. In a sprinkler head, the combination of: walls forming an exhaust chamber confining liquid against separation into drops; walls forming a spray opening connected to said exhaust chamber; walls forming an annular quieting chamber; and walls forming a narrow completely annular mouth connecting said annular quieting chamber to said exhaust chamber.

"6. In a sprinkler head, the combination of: walls forming an exhaust chamber confining liquid against separation into drops, said chamber being considerably longer than its area of cross-section; walls forming a spray opening connected to said exhaust chamber; walls forming an annular quieting chamber; and walls forming a narrow completely annular mouth connecting said annular quieting chamber to said exhaust chamber.

"8. In a sprinkler head, the combination of: walls forming an exhaust cham-

10 are not infringed. As an element of each of these claims the annular mouth formed by the annular wall is specified. As we have pointed out, these elements or their equivalents are lacking in the sprinkler shown in Figs. 5 and 6.

Claim 7 specifies as part of the combination, "walls forming means for supplying liquid to said exhaust chamber in a non-turbulent condition." We hold that read in connection with the specifications, this portion of the claim covers the annular mouth of the Thompson device. As thus construed, claim 7 is not infringed.

Claim 13 specifies "an annular wall surrounding the end of said exhaust chamber connected to said quieting chamber, said annular wall projecting into said quieting chamber; * * *." In order to save the validity, if any, of this claim, the above language, construed in connection with the specifications must cover an annular mouth as disclosed by the specifications and drawings. As thus construed, this claim is not infringed.

The decree is reversed, appellant to have costs.

---

ber confining liquid against separation into drops; walls forming a spray opening connected to said exhaust chamber; walls forming an annular quieting chamber concentrically surrounding one end of said exhaust chamber; and walls forming a narrow completely annular mouth connecting said annular quieting chamber to said exhaust chamber.

"9. In a sprinkler head, the combination of: walls forming an exhaust chamber confining liquid against separation into drops, said chamber being considerably longer than its area of cross-section; walls forming a spray opening connected to said exhaust chamber; walls forming an annular quieting chamber concentrically surrounding one end of said exhaust chamber; and walls forming a narrow completely annular mouth connecting said annular quieting chamber to said exhaust chamber.

"10. In a sprinkler head, the combination of: walls forming an exhaust chamber confining liquid against separation into drops; walls forming a spray open-

ing connected to said exhaust chamber, said spray opening being of a size to maintain a liquid pressure in said exhaust chamber, the drop in pressure occurring when the liquid passes through said spray opening; walls forming an annular quieting chamber; and walls forming a narrow completely annular mouth connecting said annular quieting chamber to said exhaust chamber."

"13. In a sprinkler head, the combination of: walls forming a quieting chamber; walls forming an entrance port for said quieting chamber; walls forming an exhaust chamber confining liquid against separation into drops, said exhaust chamber being considerably longer than its area of cross-section, and being connected to said quieting chamber; an annular wall surrounding the end of said exhaust chamber connected to said quieting chamber, said annular wall projecting into said quieting chamber; and walls forming a spray opening connected to said exhaust chamber."